UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| VICKI L. CALHOUN,<br><br>                    Plaintiff,<br><br>          v.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>                    Defendant. | CASE NO. C12-845-MJP-JPD<br><br>ADOPTING REPORT AND<br>RECOMMENDATION |

THIS MATTER comes before the Court on Plaintiff's Objections to Magistrate Judge Donohue's Report and Recommendation ("R&R") recommending the Court reverse and remand the Commissioner's final decision Plaintiff was not disabled. Having reviewed the R&R (Dkt. No. 19), Plaintiff's Objections (Dkt. No. 20), Defendant's response (Dkt. No. 23), and the remaining record, the Court ADOPTS the R&R, REVERSES the Commissioner's decision, and REMANDS to the Commissioner for further proceedings.

**Background**

Plaintiff Vicki Lynn Calhoun is a fifty-year-old woman with a high school education and specialty training in floral design. (AR 157, 200.) She has worked as a bartender, sales associate and designer at a tile company, owner of an espresso stand, and floral manager. (AR 193.) On October 8, 2008, Plaintiff applied for Social Security benefits, claiming disability since November 30, 2006. (AR 157.)

On October 25, 2010, the ALJ issued a decision finding Plaintiff was not disabled. (AR 6-20.) The ALJ found severe right lateral epicondylitis (elbow disorder) and three severe substance related impairments: mixed opioid and benzodiazepine withdrawal, opioid dependence, and substance-induced anxiety. (AR 11.) The ALJ found the epicondylitis did not meet requirements as a listed impairment for benefits and Plaintiff is able to perform light work. (AR 14-15.) The ALJ found Plaintiff's non-substance abuse related mental impairments, major depressive disorder and post-traumatic stress disorder ("PTSD"), were not severe. (AR 13.) In the decision, the ALJ discounted diagnoses from August 2008 and November 2009 by examining psychologist Dr. Geordie Knapp. (AR 18, Dkt. No. 23 at 3.) The ALJ discounted Dr. Knapp's opinion because, according to the ALJ, he did not consider drug abuse. (AR 18.) The ALJ believed Plaintiff was still abusing drugs, contrary to Plaintiff's testimony and Dr. Knapp's reports. (AR 17-18.) On March 12, 2012, the Appeals Council denied Plaintiff's request for review. (AR 1-5.) On March 12, 2013, Judge Donohue issued an R&R recommending the Court reverse and remand the ALJ's decision. (Dkt. No. 19.)

Defendant, the Commissioner of Social Security, alleges the R&R is contrary to statutory and regulatory framework and case law, and raises four objections to findings in the R&R. (Dkt. No. 20 at 2.) The objections are all closely linked. First, Defendant objects to the finding the ALJ

ADOPTING REPORT AND
RECOMMENDATION- 2

improperly conducted the five-step evaluation while expressly considering Plaintiff's alleged

substance abuse. (<u>Id.</u>) Second, Defendant objects to the finding the ALJ erred by considering the

effect of substance abuse in the initial determination of disability. (<u>Id.</u>) Third, Defendant objects

to the finding the ALJ erred in her decision process because she was "clearly affected by her

suspicion" Plaintiff was abusing drugs. (<u>Id.</u>) Finally, Defendant objects to the finding the ALJ

improperly applied the five-step evaluation without determining the effect of substance abuse on

Plaintiff's other mental impairments, despite "the fact the ALJ may have good reason for

rejecting Dr. Knapp's opinions and discounting Plaintiff's credibility." (<u>Id.</u>)

Defendant alleges the R&R makes three main legal errors. (<u>Id.</u> at 5.) First, Defendant

alleges the R&R misapplies statutory and regulatory framework and case law regarding the role

of drug or alcohol abuse in determining disability. (<u>Id.</u>) Second, Defendant alleges the R&R

failed to conduct a harmless error analysis. (<u>Id.</u>) Finally, Defendant argues the ALJ's decision is

supported by substantial evidence and free from legal error. (<u>Id.</u>)

In her response to Defendant's Objections, Plaintiff asserts both Defendant and Judge

Donohue misinterpreted her argument. Plaintiff states her argument does not involve the ALJ's

assessment of drug abuse as material in determining whether Plaintiff was disabled, but rather

findings of fact regarding Plaintiff's drug abuse were not supported by substantial evidence.

(Dkt. No. 23 at 2). The lack of substantial evidence, Plaintiff asserts, led the ALJ to reject Dr.

Knapp's diagnoses. (<u>Id.</u>)

**Discussion**

A.  <u>Statutory/Regulatory Framework and Circuit Precedent</u>

SSA regulations require an ALJ to perform a five-step evaluation to determine if a

claimant is disabled. 20 C.F.R. § 404.1520; <u>Bustamante v. Massanari</u>, 262 F.3d 949, 955 (9th

Cir. 2001). The first step looks at whether the claimant is engaged in "substantial gainful activity." 20 C.F.R. § 404.1520. The second step requires the claimant to establish he or she has one or more medically severe impairments. Id. Step three determines whether the impairment meets a listed requirement, as provided by the regulations. Id. Step four determines the claimant's "residual functional capacity," which is a determination of whether the claimant can perform his or her past relevant work. Id. Finally, if the claimant's residual functional capacity shows the claimant is unable to perform relevant past work, step five requires the Commissioner to demonstrate the claimant is able to adjust to another type of work. Id. The decision is based on the claimant's residual functional capacity, age, education, and work experience. Id.

A finding of disability under the five-step analysis does not automatically qualify a claimant for benefits. Bustamante, 262 F.3d at 954. If drug abuse contributes to the claimant's disability, the claimant will not be considered disabled for benefit purposes, unless the ALJ finds the claimant would have been disabled even if drug or alcohol abuse was not a factor. Id. When drug or alcohol abuse is present, the ALJ must first do the five-step analysis without considering the effects of the abuse, and again while incorporating the effects. Id. at 955.

If the ALJ finds a claimant disabled and has medical evidence of drug or alcohol abuse, the ALJ must determine whether the abuse is "a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a); 42 U.S.C. § 1382c(a)(3)(J); Bustamante, 262 F.3d at 955. To determine materiality, the ALJ looks to whether the claimant would still be found disabled if he or she stopped using drugs or alcohol. Hulme v. Astrue, 441 F. App. 542, 543 (9th Cir. 2011). This is done in a second analysis that separates out the effects of drug abuse, and it is done only if disability is found in the first analysis, in which drug or alcohol abuse was not considered. Bustamante, 262 F.3d at 955.

The ALJ improperly conducted the initial analysis "while expressly considering the impact of plaintiff's alleged substance abuse on her other alleged mental impairments." (Dkt. No. 19 at 13.) This consideration is apparent in the ALJ's rejection of Dr. Knapp's medical opinion. (Id. at 14.) The ALJ discounted Dr. Knapp's diagnoses of major depressive disorder and PTSD, as well as the possible diagnosis of attention deficit hyperactivity disorder ("ADHD"). (AR 504.) The ALJ believed Plaintiff failed to quit using drugs. (AR 17.) The ALJ discounted Dr. Knapp's opinion because it was based on subjective reporting by Plaintiff and did not consider ongoing drug abuse. (AR 18.)

An ALJ must conduct a differentiating analysis to separate drug-related impairments from unrelated impairments only when the record indicates that the non-drug-abuse-related impairments are severe. Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001). If these impairments are not severe, they don't pass step two of the five step analysis, and "*ipso facto* [are] not disabling." Id. Defendant argues a differentiating analysis was unnecessary because Plaintiff's non-drug-related mental impairments (major depressive disorder and PTSD) were determined to be non-severe. (Dkt. No. 20 at 7.) However, the ALJ determined Plaintiff had mental impairments considered severe; therefore, she should have proceeded with the analysis first without considering the effects of drug abuse. Bustamante, 262 F.3d at 955. By rejecting Dr. Knapp's diagnoses of major depressive disorder and ADHD because he did not consider drug abuse, the ALJ implicitly relied on drug abuse when analyzing Plaintiff's mental impairments. This was in error.

B.  Harmless Error Analysis

Defendant argues the R&R failed to apply a harmless error analysis. The burden of showing harmful error is on the party attacking the agency's determination. Shinseki v. Sanders,

556 U.S. 396 (2009). While <u>Shinseki</u> deals with benefits by the Department of Veterans Affairs and not the SSA, the Ninth Circuit has adopted a general rule for harmless error analysis in all federal administrative cases. <u>McLeod v. Astrue</u>, 640 F.3d 881, 887 (9th Cir. 2011).

The <u>Shinseki</u> Court recognized the circumstances of some cases can make clear an erroneous ruling was harmful and "nothing further need be said." <u>Shinseki</u>, 556 U.S. at 410. The erroneous ruling was clearly harmful to Plaintiff because it resulted in denial of her Social Security benefits. The ALJ failed to separate out the effects of drug abuse in the ALJ's determination of disability, contrary to the Commissioner's regulations and law of the Circuit. (Dkt. No. 19 at 16.) This failure to separate out potential drug use was critical in the ALJ's finding of no disability. By failing to separate out drug abuse in the analysis, the ALJ discounted Dr. Knapp's opinions from August 2008 and November 2009, which were crucial to determining Plaintiff's disability. This was in error and harmed Plaintiff.

C.  <u>Substantial Evidence Analysis</u>

Plaintiff argues in her response to Defendant's Objections the ALJ's finding of continued drug use is not supported by substantial evidence. (Dkt. No. 23 at 2.) The R&R is not in conflict with this assertion. It states, "[A]lthough the ALJ did not make an express finding that plaintiff was using narcotics after June 2008, the ALJ's decision certainly reflected this unstated conclusion." (Dkt. No. 19 at 10.)

While the determination of credibility rests with the ALJ, decisions must be backed by evidence in the record. The ALJ is responsible for determining credibility and resolving conflicts in medical testimony and ambiguities. <u>Magallanes v. Bowen</u>, 881 F.2d 747, 750 (9th Cir. 1989). When the opinion of an examining doctor is markedly different from the ALJ findings, the ALJ

should provide "detailed, reasoned, and legitimate rationales" for the discrepancy. Embrey v. Bowen, 849 F.2d 418, 422 (9th Cir. 1988). Although the ALJ "is not bound by the uncontroverted opinions of the claimant's physicians on the ultimate issue of disability, . . . he cannot reject them without presenting clear and convincing reasons for doing so." Matthews v. Shalala, 10 F.3d 678, 680 (9th Cir. 1993). The ALJ should do more than offer conclusions, but explain why an interpretation other than the examining doctor's is correct. Embrey, 849 F.2d at 421-22. The ALJ can meet this burden by providing a detailed summary of the facts and conflicting evidence in the record. Magallanes, 881 F.2d at 751-55 (9th Cir. 1989).

The ALJ's decision to discount Dr. Knapp's opinion rests upon the belief Plaintiff was still abusing drugs. In the decision, the ALJ stated Dr. Knapp's diagnoses were invalid because "they do not consider the possible effects of drug and alcohol abuse or at least affirmative knowledge of past use." (AR 18.) This directly contradicts the record. Dr. Knapp's report acknowledged Plaintiff admitted to prior drug use and noted in the past she "got into trouble with prescriptions." (AR 505.)  Dr. Knapp's report also indicated Plaintiff did not currently use drugs, nor did they affect her mental impairments. (AR 504-505.) Because of this denial of drug abuse, the ALJ discounted Dr. Knapp's diagnoses. (AR 18.)

The ALJ provided four reasons for her belief Plaintiff abuses drugs, but no objective factors. First, the ALJ noted Plaintiff entered a six-day detoxification program, but did not follow up with inpatient or outpatient treatment. (AR 17.) The record, however, shows Plaintiff attempted inpatient and outpatient treatment. (Dkt. 16 at 15-16.) Plaintiff asserts she was unable to tolerate inpatient or group therapy, and her insurance did not cover individual outpatient counseling.  (Id.)

Second, the ALJ determined Plaintiff's participation in a program with Compass Health was "disingenuous, as there is no indication that she received any drug and alcohol counseling at this center." (AR 17.) In her response, Plaintiff states she did attend counseling at Compass Health. (Dkt. No. 19 at 11.) As evidence, she points to her probation officer's intent to propose to the court to allow her one-on-one counseling at Compass Health to fulfill Plaintiff's chemical dependency requirements. (Dkt. No. 19 at 11, AR 838.)

Third, Plaintiff was unable to provide her sobriety date, which the ALJ believed indicated she was still abusing drugs. (AR 17.) The ALJ stated the Plaintiff's "[drug] use has been so extensive that a reasonable inference can be made that a cessation would not occur without substantial and intensive treatment." (Id.) Again, the record demonstrates multiple attempts at inpatient and outpatient programs. (Dkt.No. 16 at 15-16.) Even if the ALJ believes this lack of an exact sobriety date to be evidence of drug abuse, as a matter of law, it is not persuasive enough to discredit the medical opinion of an examining doctor. See Embrey, 849 F.2d at 421-22; Matthews, 10 F.3d at 680.

Finally, the ALJ pointed to a prescription for oxycodone obtained by Plaintiff in June 2010, despite testimony she had not used this drug since 2008. (AR 17.) This is the only evidence the ALJ or Defendant indicated as objective evidence Plaintiff used drugs after 2008. (Dkt. No. 23 at 2-3.) Plaintiff received this prescription following an emergency appendectomy and no additional prescription was obtained. (Dkt. No. 19 at 12.) This single, medically-related event does not provide clear and convincing evidence of drug abuse to justify discounting Dr. Knapp's medical opinion. See Matthews, 10 F.3d at 680.

The record does not clearly contradict Plaintiff's testimony, and the ALJ fails to demonstrate clear and convincing evidence to reject Dr. Knapp's opinion. The ALJ's discounting of Dr. Knapp's opinion was not backed by substantial evidence and was improper.

**Conclusion**

The Court ADOPTS the R&R, REVERSES the Commissioner's decision, and REMANDS for further proceedings consistent with the R&R.

The clerk is ordered to provide copies of this order to all counsel.

Dated this 14th day of May, 2013.

Marsha J. Pechman
Chief United States District Judge

ADOPTING REPORT AND
RECOMMENDATION- 9